**E-Filed 9/9/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HURD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID EVANS, et al., <br><br> Defendants. | Case Number C 08-03840 JF (PVT) <br><br> ORDER[1] OF DISMISSAL; ORDER DENYING EX PARTE MOTION TO SET ASIDE DEFAULT JUDGMENT AND APPLICATION TO PROCEED IN FORMA PAUPERIS <br><br> [re: doc. nos. 2, 5] |

*Pro se* Defendant[2] David Evans filed the present action under 28 U.S.C. § 1443, alleging denial of due process by a California state court. A default judgment has been entered against Defendant in an unlawful detainer action. After the judgement was entered, Defendant filed a notice of removal and an *ex parte* motion to set aside the judgment, along with an application to proceed *in forma pauperis*. Defendant claims that his due process rights were violated because

---

[1] This disposition is not designated for publication in the official reports.

[2] Defendant's papers indicate that he is the plaintiff; however, he is the defendant in the underlying state court action and would not be eligible to remove a case as a plaintiff. *See* 28 U.S.C. § 1441(b).

he did not have sufficient time to respond to the state court complaint and was unable to file a proper petition for a fee waiver.

This Court does not have jurisdiction over this matter, and removal is not appropriate. Generally, removal to federal court is proper only if the state court claim involves a federal question or there is diversity between the parties. 28 U.S.C. § 1441(b). Here, the underlying unlawful detainer action involved private parties, and no federal question is evident from Defendant's filings. There is no diversity of citizenship in the underlying state court action because all parties are California residents. Notwithstanding these observations, Defendant apparently intends to invoke 28 U.S.C. § 1443, which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held that a party seeking removal under § 1443 must satisfy a two-part test. First, the denied right must "arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted). Second, it must be shown that without removal the petitioner would be denied or unable to enforce the federal right in state court. *Id.*

Defendant has not alleged any denial of rights related to racial equality. The California state courts (for example, California Court of Appeal) provide an avenue for Defendant to appeal the judgment against him and to raise any due process claims related to the trial court's

1  procedural rules.

2      Accordingly, IT IS HEREBY ORDERED:

3      (1)    This matter is DISMISSED for lack of subject matter jurisdiction;

4  

5      (2)    Defendant's *ex parte* motion to set aside the default judgment is DENIED;

6      (3)    Defendant's application to proceed *in forma pauperis* is DENIED.

12  DATED: September 9, 2008

                                        JEREMY FOGEL
                                        United States District Court

1  This Order has been served upon the following persons:

2  Gary Weston Sullivan
   Email: ltym@aol.com
3
   David Evans
4  10830 Minette Drive
   Cupertino, CA 95014
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4